UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES, CDCR #BU-7712,<br><br>                                   Plaintiff,<br><br>v.<br><br>M.C.R.P. PROGRAM, et al.,<br><br>                                   Defendants. | Case No.:  3:25-cv-1082-CAB-VET<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DISMISSING COMPLAINT** |

On April 25, 2025, Plaintiff Wayne Elijah Jones, currently incarcerated at R.J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights action pursuant 42 U.S.C. § 1983. [Doc. No. 1.]  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing. He has instead filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). [Doc. No. 2.]

### I. IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court

Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite Plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### a. "Three Strikes" Provision

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (internal quotation marks and citation omitted).

While defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "[i]n some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here.

### b. Prior Strikes

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks omitted). Based on a review of its own dockets, the Court finds that Plaintiff, currently identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #BU-7712, while incarcerated, has had at least four prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Jones v. Peng, et al.,* No. 21-cv-1912-MMA-BLM (S.D. Cal. May 12, 2022) (Order Granting Motion to Proceed IFP, Dismissing Complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) [Doc. No. 11]) (May 12, 2022 Order dismissing action [Doc. No. 12]) (strike one);

(2) *Jones v. Peng, et al.*, No. 22-55543 (9th Cir. Nov. 17, 2022) (Order Revoking IFP and Dismissing Appeal as Frivolous [Dkt No. 24]) (strike two);

(3) *Jones v. Cal. Gov't Claims Program, et al.*, No. 23-cv-1256-WQH-DDL (S.D. Cal. Aug. 21, 2023) (Order Dismissing Case for failure to state a claim pursuant to 28 U.S.C. §1915A [Doc. No. 7]) (strike three);

(4) *Jones v. Wasco State Prison*, No. 23-cv-0543-JLT-BAM (E.D. Cal. Sept. 15, 2023) (Findings and Recommendation ("F&R") to Dismiss Civil Action for failure to state a claim [Doc. No. 22]); (Order Adopting F&R and Dismissing Action [Doc. No. 23]) (strike four).

Accordingly, Plaintiff has accumulated at least four strikes as defined by § 1915(g).

### c. Imminent Danger of Serious Physical Injury

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52. The Court has reviewed Plaintiff's complaint and concludes it contains no "plausible allegations" to suggest Plaintiff faced "imminent danger of serious physical injury at the time of filing." *Cervantes*, 493 F.3d at 1055. Rather, Plaintiff seeks money damages for retaliatory and defamatory actions. [Doc. No. 1 at 8, 10.]

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (stating that "court permission to proceed [IFP] is itself a matter of privilege and not right").

## II. CONCLUSION

The Court **DENIES** the motion to proceed IFP pursuant to 28 U.S.C. § 1915(g), [Doc. No. 2], and **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a). The Court **CERTIFIES** that an IFP appeal from this order would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: May 1, 2025

Hon. Cathy Ann Bencivengo
United States District Judge